

# KAPLAN RICE LLP

142 West 57th Street, Suite 4A, New York, NY 10019

Howard J. Kaplan
Partner
Email: hkaplan@kaplanrice.com
Direct: 212.333.0219

*Application
(ECF-16) is withdrawn
Application (ECF 18)
provisionally
GRANTED.
SO ORDERED
[signature]
USDJ
5-14-25*

May 5, 2025

**VIA ECF**

Hon. P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    *The Legacy Agency, Inc. v. Michael Maulini*
                  25 Civ. 1117 (PKC)

Dear Judge Castel:

We write on behalf of Petitioner The Legacy Agency, Inc. ("Petitioner" or "TLA"), pursuant to Rule 5(B)(iii) of this Court's Individual Practices in Civil Cases and this Court's April 24, 2025 order ("Order") (ECF No. 17) endorsing TLA's April 23, 2025 application to the Court to request entry of an Order allowing narrowly tailored redactions of two exhibits filed in connection with the Petitioner's petition to confirm the arbitration award ("Petition") (ECF No. 1). The proposed redactions relate to the two arbitration decisions that are the subject of this action: (1) the arbitration award issued on October 31, 2024 (the "Award") (ECF No. 1-1) and (2) the subsequent award issued on January 20, 2025 denying Respondent Michael Maulini's ("Respondent") motion for partial reconsideration (the "Reconsideration Award") (ECF No. 1-5). TLA's narrow request seeks to redact limited and targeted information based on a recognized countervailing factor—to protect the privacy interests of third parties—that can outweigh the presumption of public access. *Id.*

In order to protect the privacy interests of third parties, TLA respectfully requests the Court allow it to redact the names and limited identifying information of non-party Major League Baseball ("MLB") players, non-party agencies or agents, or other third-party employees of non-party agencies in the Award and the Reconsideration Award. TLA has consulted with the Major League Baseball Players Association ("MLBPA") regarding the court's Order and the MLBPA proposed redactions consistent with those ordered by Judge Liman in *Major League Baseball Players Assn. v. Arroyo*, 24-CV-3029 (LJL), 2024 WL 3028432 (S.D.N.Y. June 17, 2024). TLA's narrow request seeks to redact limited and targeted information based on a recognized countervailing factor—to protect the privacy interests of third parties—that can outweigh the presumption of public access. *Id.*

Courts regularly allow parties to redact portions of documents that "contain confidential and proprietary technical, financial, business, third party and/or trade secret information." *Syntel Sterling Best Shores Maurititius Ltd. v. Trizetto Grp., Inc.*, No. 2021 WL 2935963, at *2 (S.D.N.Y. July 13, 2021). The "privacy interests of innocent third parties . . . should weigh heavily in a

**KAPLAN RICE** LLP

Hon. P. Kevin Castel
May 5, 2025
Page 2

court's balancing equation." *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995); *see also Fairstein v Netflix Inc.*, 20-CV-8042 (PKC), 2024 WL 2326741, at *1 (S.D.N.Y. May 21, 2024). When this information affects the privacy interests of third parties, sealing is all the more appropriate. *See In re Turquoise Hill Res. Ltd. Sec. Litig.*, No. 20-CV-08585 (LJL), 2024 WL 81438, at *3 (S.D.N.Y. Jan. 8, 2024) (allowing parties to redact "names of third-party witnesses"); *Lohnn v Intl. Bus. Machines Corp.*, 21-CV-6379 (LJL), 2022 WL 36420, at *17 (S.D.N.Y. Jan. 4, 2022) (granting request to redact "the names and titles of executives, managers, and other IBM employees," and "the monetary amount of certain arbitral awards"); *Raptor Trading Sys., Inc. v. Beth*, No. 16-CV-3430 (RA), 2018 WL 11249125, at *2 (S.D.N.Y. Dec. 4, 2018) (allowing party to "redact the names of the third-party purchaser and its counsel"); *Jackpocket, Inc. v Lottomatrix NY LLC*, 22-CV-5772 (LJL), 2022 WL 17738779, at *2 (S.D.N.Y. Dec. 15, 2022) (permitting "narrowly tailored" redactions of "sensitive business information from nonparties").

Here, TLA seeks to protect the identities of non-parties whose privacy interests "should weigh heavily in a court's balancing equation." *Amodeo*, 71 F.3d at 1050 (citations omitted). The identities of these parties have no bearing on the Petition and thus their privacy interests outweigh the presumption of public access. *See Cohen v. Gerson Lehrman Grp., Inc.*, No. 09 Civ. 4352 (PKC), 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011) (redacting the identity of specific clients where those redactions were "narrowly tailored to conceal the clients' identity" and the clients' identities had "no bearing" on the case); *Syntel Sterling Best Shores Mauritius Ltd.*, 2021 WL 1541385, at *3 (granting motions to redact "names of and information regarding Syntel's clients"). In addition, public disclosure of the MLB players and other third parties as well as their past or ongoing business relationships with Respondent or factual circumstances contained in the Award and Reconsideration Award might cause reputational or commercial harm if revealed. Lastly, courts have recognized privacy interests in situations where disclosure could "embarrass or harm third party individuals while offering little value to the monitoring of the federal courts." *Whittaker v. MHR Fund Mgmt. LLC*, No. 20 Civ. 7599 (AT), 2021 WL 4441524, at *3 (S.D.N.Y. Sept. 28, 2021) (citations omitted); *see also Oakley v MSG Networks, Inc.*, 17-CV-6903 (RJS), 2024 WL 4859024, at *6 (S.D.N.Y. Nov. 21, 2024) (permitting redactions to "obscure personal identifiable information as well as brief references to a private sensitive matter that has no bearing on any material issue in dispute in this case.").

TLA respectfully requests the Court allow it to redact the names, and the limited identifying information, of these third parties in the Award and Reconsideration Award. The Petitioner withdraws its request to seal the Award and Reconsideration Award in their entirety.

Respectfully submitted,

*/s/ Howard J. Kaplan*

Howard J. Kaplan